N. Nick Ebrahimian, Esq. (State Bar No. 219270)
nebrahimian@lelawfirm.com
Tielle Shu, Esq. (State Bar No.303085)
tshu@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd. Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff ANTHONY HUGGER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HUGGER,<br><br>PLAINTIFF,<br><br>vs.<br><br>ARAMARK CAMPUS, LLC; JOHN PICKETT; and DOES 1 to 100, inclusive.<br><br>DEFENDANTS. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e ET SEQ.**<br><br>2. **SEX HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e ET SEQ.**<br><br>3. **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e ET SEQ.**<br><br>4. **WRONGFUL TERMINATION (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e ET SEQ.)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ANTHONY HUGGER (hereinafter "PLAINTIFF") believes and thereon alleges against Defendants ARAMARK CAMPUS, LLC; JOHN PICKETT; and DOES 1 to 100, inclusive (hereinafter "DEFENDANTS"), as follows:

## I. NATURE OF ACTION

1. This is an action for sex discrimination, sex harassment, retaliation, and wrongful termination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), specifically including 42 U.S.C. § 2000e-2(a) (prohibiting, e.g., discrimination with respect to discharge, compensation, terms, conditions, or privileges of employment because of sex); 42 U.S.C. § 2000e-3(a) (prohibiting retaliation); 42 U.S.C. § 2000e-5 (granting jurisdiction to United States district courts for actions brought under Title VII and authorizing certain relief).

## II. JURISDICTION AND VENUE

2. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

3. This Court has subject-matter jurisdiction over Plaintiff's claims in this action. Each of Plaintiff's claims for Title VII violations—(i) sex discrimination (including wrongful termination), (ii) retaliation (including wrongful termination), and (iii) sex-based harassment constituting hostile work environment—arise under federal law and invoke federal-question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper under pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 USC § 1391 because the Defendants reside within this judicial district, and because a substantial part of the events and omissions giving rise to the claims, including the unlawful employment practices, occurred within this judicial district pursuant to 28 USC § 1391(b)(2).

5. Unlawful Employment Practices were committed in this district. For example, Defendants unlawfully discriminated and retaliated against Plaintiff in this district by wrongfully terminating him.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All conditions precedent to the institution of this lawsuit have been fulfilled. Prior to the institution of this lawsuit, Plaintiff timely filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Defendants. Attached hereto as Exhibit A is a true and correct copy of the EEOC charge. On February 21, 2024, the EEOC issued a Right to Sue letter. Attached hereto as Exhibit B is a true and correct copy of the aforementioned Right to Sue letter.

7. This lawsuit was timely filed within 90 days of Plaintiff receiving the Right to Sue Letter.

## IV. PARTIES

8. Defendant ARAMARK CAMPUS, LLC is a Delaware Limited Liability Company registered with the California Secretary of State to do business in the State of California.

9. At all times relevant herein Defendant ARAMARK CAMPUS, LLC, and DOES 1 to 50 were doing business in the County of Mariposa, California.

10. At all times mentioned hereinafter in this complaint, Defendant ARAMARK CAMPUS, LLC, and DOES 1 to 50 shall be referred to as "ARAMARK CAMPUS, LLC" or "EMPLOYER."

11. At all times relevant herein, PLAINTIFF was employed by EMPLOYER in the County of Mariposa, California.

12. At all times relevant herein, PLAINTIFF resided in the County of Mariposa, California.

13. ARAMARK CAMPUS, LLC is an employer within the State of California and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, as amended.

14. Upon information and belief, at all times relevant herein Defendant JOHN PICKETT, an individual, and DOES 51 to 100, was and is a resident of California. Defendant JOHN PICKETT is, and at all times relevant herein was, an

individual employed by EMPLOYER. At all times mentioned hereinafter in this complaint, Defendant JOHN PICKETT and DOES 51 to 100 shall be referred to as "JOHN PICKETT" or "PICKETT."

15. At all times mentioned hereinafter in this Complaint, Defendants ARAMARK CAMPUS, LLC; JOHN PICKETT; and DOES 1 to 100, shall be referred to as "DEFENDANTS."

16. The true names or capacities, whether individual, associate or otherwise, of Doe Defendants 1 to 100, inclusive, are unknown to PLAINTIFF and, therefore, PLAINTIFF sues these Doe Defendants by such fictitious names. PLAINTIFF will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that PLAINTIFF's injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named defendants.

17. Each of the individual defendants is sued individually and in his or his capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of each and every corporate defendant, with broad discretionary powers and substantial discretionary authority over decisions that ultimately determined corporate policy of each and every corporate defendant.

18. PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein, each and every one of the DEFENDANTS, including the Doe Defendants, acted in concert and in furtherance of each other's interest. The acts of any individual defendants, as described herein, were known to and ratified by all DEFENDANTS. The acts and conduct of each and every defendant, as described herein, were intentional and/or harassing and/or were not a normal part of PLAINTIFF'S employment and were not the result of a legitimate business necessity.

19. PLAINTIFF is informed and believes and thereon alleges that at all relevant times each of the DEFENDANTS was the integrated enterprise, joint

employer of PLAINTIFF and was engaged with some or all of the other DEFENDANTS in a joint enterprise for profit, and bore such other relationships to some or all of the other DEFENDANTS so as to be liable for the conduct of them. PLAINTIFF performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as employers, either directly or indirectly, and of the manner in which DEFENDANTS' business was conducted.

20. PLAINTIFF is further informed and believes and thereon alleges that all DEFENDANTS acted pursuant to and within the scope of the relationships alleged above, that all DEFENDANTS knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other DEFENDANTS; and that all DEFENDANTS acted pursuant to a conspiracy and agreement to do the things alleged herein.

21. PLAINTIFF makes the allegations in this complaint without any admission that, as to any particular allegation, PLAINTIFF bears the burden of pleading, proof, or persuasion, and PLAINTIFF reserves all of PLAINTIFF'S rights to plead in the alternative.

## IV. FACTS COMMON TO ALL CAUSES OF ACTION

22. Plaintiff was hired by EMPLOYER in approximately April 25, 2022.

23. In or around March 2023, PLAINTIFF was transferred by EMPLOYER to work at the Yosemite National Park location as a bus driver. PLAINTIFF worked at this location from approximately March 2023 until the date of his termination.

24. PLAINTIFF performed his duties in a satisfactory manner throughout his employment.

25. During Plaintiff's employment with EMPLOYER at the Yosemite Park location, he worked with Defendant JOHN PICKETT, an employee of EMPLOYER.

26. PLAINTIFF is a male. During PLAINTIFF'S employment with DEFENDANT at the Yosemite National Park location, PLAINTIFF was subjected to sex discrimination and sex-based harassment that created a hostile work environment.

Said conduct was ongoing and was conducted by EMPLOYER, and PICKETT on a repeated basis during PLAINTIFF'S employment with EMPLOYER. Defendant PICKETT made unwelcome sexual comments, and engaged in such conduct towards him which was severe and/or pervasive. For instance, PICKETT would walk around the cabin with his genitals exposed to PLAINTIFF, would ask PLAINTIFF to hold his penis, would walk into PLAINTIFF's room in the cabin and tell PLAINTIFF to move over in his bed, among other harassing comments, and other harassing acts and sexual comments based on sex.

27. PLAINTIFF did not consent to the conduct/contact and it was not of a consensual nature.

28. Defendant PICKETT's conduct was unwelcome and caused sex harassment and created a hostile work environment based on his comments.

29. This harassment created a hostile work environment for PLAINTIFF and others that was hostile, intimidating, offensive, oppressive, and/or abusive.

30. PLAINTIFF made numerous complaints about conduct perceived to be a violation of TITLE VII. PLAINTIFF complained to supervisors, officers, directors, and managing agents of EMPLOYER regarding the sex discrimination and sex-based harassment, and the hostile work environment towards himself and others in the workplace. PLAINTIFF made complaints/reports of PICKETT's harassing and discriminatory comments and/or behavior in the workplace.

31. By doing so, PLAINTIFF opposed practices of sex discrimination and sex-based harassment in EMPLOYER's workplace.

32. EMPLOYER failed to take appropriate corrective or preventative action and/or failed to investigate the matter.

33. On June 13, 2023, EMPLOYER terminated PLAINTIFF's employment.

34. EMPLOYER terminated PLAINTIFF's employment not for any legitimate reason but because of Plaintiff's sex, complaints of sexual harassment, complaints of sex discrimination, complaints of a hostile work environment, for

opposing harassment and discrimination in the workplace. Plaintiff has not been reemployed, reinstated, or re-hired by Defendant since June 13, 2023.

## FIRST CAUSE OF ACTION

## SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,

## 42 U.S.C. § 2000e ET.SEQ.

## (By Plaintiff Against Defendant EMPLOYER and DOES 1 TO 50)

35. PLAINTIFF hereby incorporates by reference all paragraphs above, as if fully set forth herein by reference.

36. Discrimination on the basis of sex is prohibited under Title VII, 42 U.S.C. §§ 2000e et seq.

37. In violation of Title VII, Defendant EMPLOYER discharged Plaintiff and discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges of employment because of sex. See 42 U.S.C. § 2000e *et seq.*, as amended; 42 U.S.C. § 2000e-2; see also 42 U.S.C. § 2000e-5(g). Plaintiff is and at all relevant times was a member of a protected class because of his sex.

38. During PLAINTIFF's employment, EMPLOYER through their owners, supervisors, managers and employees have engaged in actions intentionally that resulted in PLAINTIFF being treated less favorably because of his sex through his hostile working conditions.

39. PLAINTIFF'S protected status under Title VII is PLAINTIFF'S sex and gender, which is male.

40. Defendant EMPLOYER knew, perceived, and/or believed that PLAINTIFF had the aforementioned protected status, described hereinabove.

41. PLAINTIFF believes and thereon alleges that his gender was a substantial and motivating factor in EMPLOYER'S discrimination against him.

42. As a proximate result of EMPLOYER'S willful, knowing and intentional discrimination against PLAINTIFF, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

43. As a proximate result of EMPLOYER'S willful, knowing, and intentional discrimination against PLAINTIFF, she has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to PLAINTIFF's damage in a sum according to proof.

44. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by the Defendant EMPLOYER willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of Plaintiffs' rights, and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Defendant EMPLOYER, of the unfitness of the Defendant EMPLOYER'S employees and agents, and the employees were employed with a conscious disregard of the rights and/or safety or others. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant EMPLOYER.

45. PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

## SECOND CAUSE OF ACTION

**SEX HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e ET SEQ.**

**(By Plaintiff Against Defendant EMPLOYER, Defendant PICKETT, and DOES 1-100)**

46. PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set forth herein.

47. Discrimination on the basis of sex is prohibited under Title VII, 42 U.S.C. §§ 2000e et seq. Federal law prohibiting harassment is derived from Title VII of the Civil Rights Act.

48. During PLAINTIFF'S employment, Defendants and each of them,

through the conduct of their supervisors and employees, engaged in actions that constituted sexual harassment of PLAINTIFF.

49. PLAINTIFF is a male. During PLAINTIFF'S employment with DEFENDANT at the Yosemite National Park location, PLAINTIFF was subjected to sex discrimination and sex-based harassment that created a hostile work environment. Said conduct was ongoing and was conducted by EMPLOYER, and PICKETT on a repeated basis during PLAINTIFF'S employment with EMPLOYER. Defendant PICKETT made unwelcome sexual comments, and engaged in such conduct towards him which was severe and/or pervasive. For instance, PICKETT would walk around the cabin with his genitals exposed to PLAINTIFF, would ask PLAINTIFF to hold his penis, would walk into PLAINTIFF's room in the cabin and tell PLAINTIFF to move over in his bed, among other harassing comments, and other harassing acts and sexual comments based on sex.

50. PLAINTIFF did not consent to the conduct/contact and it was not of a consensual nature.

51. Defendant PICKETT's conduct was unwelcome and caused sex harassment and created a hostile work environment based on his comments.

52. This harassment created a hostile work environment for PLAINTIFF and others that was hostile, intimidating, offensive, oppressive, and/or abusive.

53. PLAINTIFF was subjected to unwanted severe and/or pervasive sexual harassment by PICKETT because PLAINTIFF is a man.

54. PLAINTIFF reported and complained about the sexual harassment to his supervisors and managers.

55. A reasonable man in PLAINTIFF'S circumstances would have considered the work environment to be hostile and/or abusive.

56. As a proximate result of the sexual harassment of PLAINTIFF by EMPLOYER, PICKETT and each of them, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

57. As a proximate result of the sexual harassment of PLAINTIFF by EMPLOYER, PICKETT, and each of them, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to PLAINTIFF's damage in an amount according to proof at trial.

26. In doing the acts herein alleged, EMPLOYER, PICKETT, and each of them, acted despicably, with oppression, fraud, malice, and in conscious disregard of PLAINTIFF'S rights. Accordingly, they are liable to Plaintiff for exemplary damages appropriate to punish and make an example of Defendants in an amount according to proof at trial. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Defendant EMPLOYER, of the unfitness of the Defendant EMPLOYER'S employees and agents, and the employees were employed with a conscious disregard of the rights and/or safety or others. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant EMPLOYER.

58. Plaintiff has incurred and continues to incur legal expenses and attorney's fees and seeks reimbursement of her attorney's fees.

## THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e ET.SEQ.
### (By PLAINTIFF Against Defendant EMPLOYER and DOES 1 TO 50)

59. PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set forth herein.

60. Title VII prohibits an employer from retaliating against any employee for engaging in a protected activity. Resisting and/or complaining of harassment and discrimination in the workplace is a protected activity under Title VII.

61. Plaintiff was an employee of Defendants.

62. During PLAINTIFF'S employment, Defendants and each of them, through the conduct of their supervisors and employees, engaged in actions that constituted sexual harassment of PLAINTIFF.

63. PLAINTIFF complained to supervisors, officers, directors, and managing agents of EMPLOYER regarding the sex discrimination and sexual harassment, and the hostile work environment in the workplace. PLAINTIFF also made complaints/reports of PICKETT's harassing and discriminatory comments and/or behavior in the workplace.

64. PLAINTIFF opposed practices of discrimination and harassment in EMPLOYER's workplace, which are unlawful under Title VII. EMPLOYER knew of PLAINTIFF's protected activity and retaliated against him because of his protected activity.

65. EMPLOYER took adverse actions against PLAINTIFF, including but not limited to terminating PLAINTIFF'S employment.

66. PLAINTIFF'S reporting of, and complaining about sexual harassment and seeking corrective action, complaining of a hostile work environment, and complaining of discrimination and harassment in the workplace was a motivating reason for EMPLOYER'S decision to terminate PLAINTIFF'S employment.

67. As a proximate result of the wrongful conduct of EMPLOYER, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

68. As a proximate result of the wrongful conduct of EMPLOYER, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

27. EMPLOYER'S actions were despicable, fraudulent, malicious, oppressive, and in conscious and knowing disregard of PLAINTIFF'S rights and legal obligation to protect employees from sex discrimination and harassment. EMPLOYER is therefore liable for exemplary damages by way of example and punishment, in an amount according to proof at trial. The aforementioned conducted on which punitive

damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Defendant EMPLOYER, of the unfitness of the Defendant EMPLOYER'S employees and agents, and the employees were employed with a conscious disregard of the rights and/or safety or others. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant EMPLOYER.

69. PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION
## (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC §§ 2000e ET.SEQ.)
## (By PLAINTIFF Against Defendant EMPLOYER and DOES 1 to 50)

68. PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set forth herein.

69. Plaintiff is and at all relevant times was a member of a protected class because of his sex, which is male.

70. Discrimination on the basis of sex is prohibited under Title VII, 42 U.S.C. §§ 2000e et seq.

71. In violation of Title VII, Defendant EMPLOYER discharged Plaintiff with respect to compensation, terms, conditions, and privileges of employment because of sex. See 42 U.S.C. § 2000e *et seq*., as amended; 42 U.S.C. § 2000e-2; see also 42 U.S.C. § 2000e-5(g); 42 U.S.C. § 1981a(a)(1), (b).

72. Title VII prohibits an employer from retaliating against any employee for engaging in a protected activity. Resisting and/or complaining of harassment and discrimination in the workplace is a protected activity under Title VII.

73. PLAINTIFF complained to supervisors, officers, directors, and

managing agents of EMPLOYER, regarding the sex discrimination and harassment, and the hostile work environment in the workplace. PLAINTIFF also made complaints/reports of PICKETT's harassing and discriminatory comments in the workplace.

74. Plaintiff had reasonable cause to believe that the information that he disclosed to constituted a violation of federal law; namely, Title VII.

75. EMPLOYER knew, perceived, and/or believed that PLAINTIFF had the protected status(es) and was engaged in the aforementioned protected activities as stated above.

76. PLAINTIFF is informed and believes and thereon alleges that PLAINTIFF'S sex and complaints of sexual harassment and sex discrimination and a hostile work environment was a motivating factor for EMPLOYER and/or their officers', directors', and managing agents' decision to terminate Plaintiff's employment.

77. As a proximate result of the EMPLOYER'S wrongful termination of his employment, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

78. As a proximate result of the EMPLOYER'S wrongful termination of his employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

79. In doing the acts herein alleged and incorporated, EMPLOYER, and each of them, acted despicably, with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights. Accordingly, they are liable to Plaintiff for exemplary damages appropriate to punish and make an example of Defendants in an amount according to proof at trial. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Defendant EMPLOYER, of the

unfitness of the Defendant EMPLOYER'S employees and agents, and the employees were employed with a conscious disregard of the rights and/or safety or others. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant EMPLOYER.

80. PLAINTIFF has also incurred and continues to costs in an amount according to proof at the time of trial.

### **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays that Judgment be entered in her favor and against DEFENDANTS, and each of them, as follows:

A. For such general, special and compensatory damages as may be appropriate, including all damages alleged above;

B. For past and future lost income and benefits according to proof;

C. For emotional distress damages;

D. For punitive damages;

E. For pre-judgment and post-judgment interest on all damages awarded;

F. For declaratory and injunctive relief

G. For reinstatement to her position with DEFENDANTS;

H. Such other relief as the Court deems just and proper.

I. For the costs of suit and attorney's fees including attorney's fees under 42 U.S.C. § 2000e, et. seq.

Dated:  April 5, 2024				Respectfully submitted,
						LAVI & EBRAHIMIAN, LLP


						By: _____
						    N. Nick Ebrahimian, Esq.
						    Tielle Shu, Esq.
						    Attorneys for Plaintiff
						    ANTHONY HUGGER

//

## **DEMAND FOR TRIAL BY JURY**

Plaintiff ANTHONY HUGGER hereby demands trial by jury.

Dated: April 5, 2024                    Respectfully submitted,

                                                 LAVI & EBRAHIMIAN, LLP

By: _____
      N. Nick Ebrahimian, Esq.
      Tielle Shu, Esq.
      Attorneys for Plaintiff
      ANTHONY HUGGER