UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HUGGER,<br><br>        Plaintiff,<br><br>    v.<br><br>ARAMARK CAMPUS LLC, JOHN PICKETT,<br><br>        Defendants. | Case No. 1:24-CV-00410-KES-BAM<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>(Doc. 9) |

      Defendant Aramark Campus LLC ("Aramark") moved to dismiss all claims against it on May 21, 2024. Doc. 9. On May 23, 2024, Defendant John Pickett joined in Aramark's motion to dismiss. Doc. 13. On June 4, 2024, Plaintiff Anthony Hugger filed an opposition, Doc. 14, and Aramark replied on June 14, 2024, Doc. 15. The Court took the motion under submission without oral argument. Hugger asserts four claims against Aramark under Title VII: for discrimination, harassment, retaliation, and wrongful termination. Doc. 1. Hugger asserts one claim against Pickett for harassment under Title VII. *Id.* Defendants move for dismissal of all claims as time barred. Doc. 9-1 at 6.

## I. BACKGROUND AND FACTS[1]

      Hugger was hired by Aramark in April 2022. Doc. 1 at ¶ 22. In or around March 2023, Aramark transferred Hugger to Yosemite National Park to work as a bus driver. *Id.* at ¶ 23.

---

[1] Unless otherwise noted, the facts set out below are from the allegations in the complaint, Doc. 1, and are assumed to be true for purposes of this Rule 12(b)(6) motion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).

1  Hugger thereafter worked at this location until his termination.  *Id.*  Hugger worked in Yosemite
2  with Pickett, another male employee of Aramark.  *Id.* at ¶¶ 25.  Pickett made unwanted sexual
3  comments to Hugger and directed harassing sexual acts towards him.  *Id.* at ¶ 26.  These acts
4  included Pickett walking around the cabin with his genitals exposed to Hugger, Pickett asking
5  Hugger to hold his penis, and Pickett walking into Hugger's room in the cabin and telling Hugger
6  to move over in his bed.  *Id.*  Hugger complained about and made reports concerning Pickett's
7  behavior to supervisors, officers, directors, and managing agents of Aramark, but Aramark failed
8  to correct or prevent Pickett's behavior and failed to investigate Hugger's complaints.  *Id.* at
9  ¶¶ 30, 32.

10  The complaint alleges that, on June 13, 2023, Aramark terminated Hugger because of his
11  sex; for his complaints concerning sexual harassment, sex discrimination, and a hostile work
12  environment; and "for opposing harassment and discrimination in the workplace."  *Id.* at ¶¶ 33–
13  34.  On January 8, 2024, Hugger filed an administrative complaint with California's Civil Rights
14  Department ("CRD") concerning these claims, 209 days after Aramark terminated Hugger's
15  employment.  Doc. 9-3 at 25.

16  On February 12, 2024, Hugger filed his claims with the Equal Employment Opportunity
17  Commission ("EEOC"), 244 days after the termination of his employment with Aramark.  Doc. 1-
18  2.  On February 21, 2024, Hugger received from the EEOC a dismissal of charge and notice of
19  right to sue regarding his claim.  Doc. 1-3.  On April 5, 2024, Plaintiff Hugger filed this suit
20  asserting only Title VII claims.  Doc. 1.

21  **II.  STANDARD OF LAW**

22  A motion to dismiss for failure to state a claim upon which relief can be granted under
23  Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th
24  Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim
25  showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*,
26  556 U.S. 662, 677–78 (2009).  On a motion to dismiss, the factual allegations of the complaint
27  must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff
28  the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the

complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION AND ANALYSIS

Defendants argue Hugger's Title VII claims are time barred because Hugger did not file an administrative complaint with the EEOC within 180 days of his termination.  Doc. 9-1 at 14. Hugger argues that because he first filed with the California CRD, which is a state Fair Employment Practices ("FEP") agency, his deadline for filing was extended to 300 days.  Doc. 14 at 6.  Hugger does not dispute that all actions alleged in the complaint took place within Yosemite National Park.  *See* Doc. 14 at 17–18.  Nor does he dispute Yosemite National Park's status as a federal enclave.  *See id.* at 14.

42 U.S.C. § 2000e-5(e)(1) states in pertinent part:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with *a State or local agency with authority to grant or seek relief from such practice* or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . .

(emphasis added).

The Ninth Circuit interpreted this statute in *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1080–81 (9th Cir. 2006).  In *MacDonald*, the plaintiff filed her administrative claim with the Washington state FEP agency more than 180 days after her termination from employment, but less than 300 days from her termination.  *Id.* at 1080.  She argued, like *Hugger*, that she had 300

days within which to file as she filed with the relevant state agency. *Id.* at 1082. The plaintiff brought her claim against a non-profit religious institution. *Id.* at 1079. The court found that, because Washington's enabling statute did not grant the state agency jurisdiction over non-profit religious institutions, the agency had no jurisdiction over the plaintiff's claim and her filing with the state agency did not extend the deadline to file an administrative complaint to 300 days. *Id.* at 1088.

*MacDonald* relied in part on the EEOC regulation at 29 C.F.R. § 1601.13. *See id.* at 1082. This regulation provides in relevant part:

> A jurisdiction having a FEP agency without jurisdiction over the statutory basis alleged in the charge (e.g., an agency that does not have enforcement authority over sex discrimination) is equivalent to a jurisdiction having no FEP agency. Charges over which a FEP agency has no jurisdiction over the statutory basis alleged are filed with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation.

29 C.F.R. § 1601.13(a)(2).[2]

As in *MacDonald*, here the state agency never had jurisdiction over Hugger's claims. In *MacDonald*, the Washington state agency had no jurisdiction over the plaintiff's employment claims because it was limited by its enabling statute; here, the California CRD has no jurisdiction over Hugger's employment claims because they arose in a federal enclave over which the federal government has exclusive jurisdiction. Plaintiff does not dispute that Yosemite National Park is a federal enclave. Aside from certain rights reserved by California that are not relevant here, the federal government has "[s]ole and exclusive jurisdiction" over Yosemite National Park.

---

[2] The current version of 29 C.F.R. § 1601.13 has minor changes from the 2006 version cited in *MacDonald*. The difference between statutory versions does not affect the legal analysis. The 2006 version of 29 C.F.R. § 1601.13(a)(2) reads:
> A jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a jurisdiction having no FEP agency. Charges over which a FEP agency has no subject matter jurisdiction are filed with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation.

4

16 U.S.C. § 57.  As all the allegations in the complaint occurred within Yosemite National Park, the California CRD had no subject matter jurisdiction over Hugger's claims.  *See MacDonald*, 457 F.3d at 1088.

As the California CRD did not have jurisdiction over Hugger's claims, Hugger had 180 days from the date of his termination to file an administrative complaint.  *See id.*; 42 U.S.C. § 2000e-5(e)(1).  Administrative complaints filed with the CRD are considered dual filed with the EEOC.  *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1104 (9th Cir. 2008).  Hugger's administrative complaint was first filed with the California CRD, and therefore the EEOC, on January 8, 2024, which is 209 days after his termination.  Doc. 9-3 at 25.  As that is beyond the 180-day statute of limitations period under § 2000e-5(e)(1), Hugger's claims are time barred.  Hugger does not identify any basis for tolling the 180-day period.  Accordingly, defendants' motion to dismiss Hugger's Title VII claims is GRANTED, and all claims against defendants are dismissed as time barred.

Hugger requests that any dismissal be without prejudice, arguing that he could amend his complaint to include a general allegation that Hugger's "complaints of harassment were made to defendant Aramark Campus's corporate headquarters in Philadelphia, PA, which were located outside the federal enclave."  Doc. 14 at 17–18.  However, in applying the federal enclave doctrine in the employment context, the relevant location is generally where the plaintiff is employed.  Hugger acknowledges that he was employed in Yosemite National Park at all relevant times, and his employment claims arose within the federal enclave.  Adding a general allegation that Hugger made a complaint to an office outside the federal enclave about violations that occurred within the federal enclave would not change the outcome.  *See Thompson v. Wallace Com. Landscape*, No. 23-CV-01530-AJB-DDL, 2024 WL 3836098, at *7 (S.D. Cal. Aug. 15, 2024) ("The Court finds that because Plaintiff was employed exclusively at Camp Pendleton, her employment claims arose within a federal enclave, regardless of where the actions underlying the decisions concerning her employment or termination occurred."); *Haining v. Boeing Co.*, No. 2:12-cv-10704-ODW(MRWx), 2013 WL 4874975, at *3 (C.D. Cal. Sep. 11, 2013) ("A plaintiff's place of employment is the significant factor in determining where the plaintiff's employment

claims arose under the federal-enclave doctrine."); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1148 (S.D. Cal. 2007) (rejecting argument that learning of employment decisions while at home could defeat federal enclave jurisdiction); *Powell v. Tessada & Assocs.*, No. C 04-05254 JF, 2005 WL 578103, at *2 (N.D. Cal. Mar. 10, 2005) ("In the instant case, regardless of where the decision not to retain Plaintiffs was made, the decision reflects Defendants' employment practice on the enclave.").

Hugger has not identified additional facts that would alter the conclusion that his employment and the alleged Title VII violations occurred within the federal enclave. As further amendment would be futile, Hugger's request for leave to amend is denied. *See Leadsinger*, 512 F.3d at 532.

**IV. CONCLUSION**

For the foregoing reasons, the Court ORDERS:

1. Defendants' motion to dismiss, Doc. 9, is GRANTED.
2. Plaintiff's complaint is DISMISSED.
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   November 6, 2024

_____
UNITED STATES DISTRICT JUDGE